Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50307 | **DATE** | 8/30/2004 |
| **CASE TITLE** | Saladino vs. Redisi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion to dismiss, denies all other pending motions, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 8-31-04 date docketed | 80 |
| | Notified counsel by telephone. | | docketing deputy initials | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | 8-30-04 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. ✓ | | | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Frank Saladino, filed a pro se complaint on August 2, 2002. Later, plaintiff, who was then represented by counsel, filed an amended complaint alleging a claim under the Racketeer Influence and Corrupt Organizations Act of 1970 (RICO), 18 U.S.C. § 1961, against defendants, the Redisi Family Partenership, Frank Redisi, Sr., Frank Redisi, Jr., Michael Redisi, Kathleen Redisi, Jacqueline Redisi, Roberta Bralich, and Vita Redisi. The amended complaint added as another plaintiff, Worldwide General Contracting, Inc.

Subsequent to the filing of the amended complaint, plaintiffs' attorney withdrew and plaintiffs continued the litigation pro se. Defendants have filed a motion to dismiss based on the four-year statute of limitations for RICO, contending that plaintiffs knew of their injury in 1996 when they filed claims in state court arising out of the same conduct that provides the basis for the RICO claim here. Plaintiffs have filed a response to the motion to dismiss, although they do not submit any contention refuting or excusing the statute of limitations argument. Plaintiffs have also filed a plethora of motions, including a motion for sanctions, a motion for sanctions under Fed. R. Civ. P. 37, a motion for injunctive relief, and a motion for default judgment, among others. Many of the motions are difficult if not impossible to decipher and are lacking in a proper legal basis. The court will first address the motion to dismiss as that is potentially dispositive.

There is a four-year statute of limitations for a RICO claim. Perry v. Globe Auto Recycling, Inc., 227 F. 3d 950, 954 (7th Cir. 2000). The RICO limitations period runs from the discovery of the injury and not from discovery of the other elements of the claim. Perry, 227 F. 3d at 954, citing Rotella v. Wood, 528 U.S. 549 (2000).

In this case, plaintiffs first filed claims in the state court back in 1996 which were based on the conduct now alleged to support the RICO claim here. See Saladino v. Redisi, No. 2-01-1262, unpublished order under Illinois Supreme Court Rule 23 (Dec. 03, 2003). It is apparent from reading the factual discussion of the 1996 actions by the Illinois appellate court that plaintiffs were aware of their alleged RICO injury when they filed the 1996 contract and fraud actions. Giving plaintiffs the greatest benefit of the doubt, the RICO limitations period began to run at the end of 1996. Thus, they had four years from then, or until the end of 2000, to file their RICO action. They did not do so, however, until August 2, 2002. Plaintiffs, in their response and their many other motions, have not attempted to refute the applicability of the statute of limitations. Therefore, the action here is time-barred. Having found the action barred by the statute of limitations, the court denies all other pending motions as moot and/or frivolous.

For the foregoing reasons, the court grants defendants' motion to dismiss, denies all other pending motions, and dismisses this cause in its entirety.